**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


JOSHUA JURCICH,                         )
                                        )
      Plaintiff,                    )
                                        )
vs.                                     )          CIVIL NO. 09-cv-508-DRH
                                        )
MATT SPAELLER, et al.,                  )
                                        )
      Defendants.                   )

**MEMORANDUM AND ORDER**


**HERNDON, Chief Judge:**

      This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 17) which seeks to vacate this Court's Order and Judgment dismissing this case for failing to comply with the Court's prior Order.  *See* (Docs. 14 and 15).

      At the time he filed his pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2), Plaintiff was confined at the Lawrence Correctional Center.  After filing the complaint and the instant motion to proceed *in forma pauperis*, Plaintiff was released from confinement.  Because he was detained at the time he filed these pleadings, this Court held that that the prisoner provisions of 28 U.S.C. § 1915 still apply.  *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997).

      Following the procedure detailed by the Seventh Circuit in *Robbins*, this Court calculated and assessed an initial partial filing fee of $12.07  based on Plaintiff's prisoner account information.  *See* (Doc. 6).  Plaintiff was ordered to pay the initial partial filing fee within 15

days.  *Id*.  Plaintiff was further ordered to pay the balance of the filing fee or to file a motion to proceed *in forma pauperis* with respect to it within 15 days.  *Id*.  Plaintiff was warned that the failure to comply with the Court's Order could result in the dismissal of his case.  *Id*.  When Plaintiff failed to pay the initial partial filing fee and failed to pay the balance of the filing fee (or apply for *in forma pauperis* status with respect to it), the Court dismissed Plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failing to comply with the Court's Order.

In the instant motion, Plaintiff contends that he did not comply with the Court's Order (Doc. 6) because he did not receive it.  Although it is not relevant to the Court's decision, the Court notes that Plaintiff states that on April 9, 2010, he became re-incarcerated and is currently confined at the Vandalia Correctional Center.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).   If  a motion challenging a judgment on the merits is served after 28 days of the rendition of judgment, the motion falls under Rule 60(b).  *Id.* (citations omitted).

Judgment was entered in this action on April 19, 2010, but the instant motion was not filed until June 1, 2010, well after the 28-day period expired.  *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of

2

the Federal Rules of Civil Procedure.  Rule 60(b)(1) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  Rule 60(b)(6) provides for relief from judgment for "any other reason that justifies relief."  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this case, Plaintiff contends that he suffered an involuntary dismissal of his action through no fault of his own because he did not receive the Court's prior order.  Although skeptical of this claim, Due Process dictates that Plaintiff have received actual notice of the Court's prior Order and the requirements imposed by it before the Court dismissed Plaintiff's complaint.  Accordingly, Plaintiff's motion to reconsider (Doc. 17), which the Court construes as a motion pursuant to Rules 60(b)(1) and (b)(6), is **GRANTED.**

The Court's Memorandum and Order (Doc. 14) and Judgment (Doc. 15) are **VACATED** and Plaintiff's action is **REOPENED** and **REINSTATED**.

This matter is again referred to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

3

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

The Court notes that all three Defendants have executed waivers of service of process. Accordingly, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Because Plaintiff has become re-incarcerated, **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 12.07**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Vandalia Correctional Center *upon entry of this Memorandum and Order*.

**IT IS SO ORDERED.**

**DATED:** June 2, 2010

/s/    DavidRHerndon
**DISTRICT JUDGE**